KRYNOCK, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(Decided October 21, 1940.)

*Mr. John F. McCrystal* and *Mr. Robert W. McCrystal,* for appellant.

*Mr. Thomas J. Herbert,* attorney general, *Mr. E. P. Felker* and *Mr. Thomas F. Joseph,* for appellee.

CARPENTER, J. In his second amended petition which made the Industrial Commission the defendant, plaintiff alleged that he was employed by Ace Motor Transport Company, sustained an injury and filed a claim for compensation with the Industrial Commission which, on rehearing, denied his claim and he appealed to the Common Pleas Court. It sustained a demurrer to that petition on the grounds that it did not state a cause of action and that the court had no jurisdiction of the subject-matter. Plaintiff not wishing to plead further, final judgment for the commission was entered and this appeal on questions of law was taken.

The second amended petition alleged "that said Ace Motor Transport Company was at that time amenable to the Workmen's Compensation Act of Ohio," and that the commission denied his claim for the reason "that the employer was not amenable on the day in question and that claimant's disability was not the result of said injury."

The only question raised by the demurrer and urged in the lower court and now urged here, is: Must the petition further allege that the employer had complied with the act in order to plead a case against the commission?

The answer to this question must be found in the act, Sections 1465-37 to 1465-112, General Code.

An employer may be amenable to the act in one of two ways:

(1) Involuntary. By having "in service three or more workmen or operatives regularly in the same business, or in or about the same establishment under

any contract of hire  *  *  *." Section 1465-60, General Code.

(2) Voluntary. If an employer of less than three workmen, by paying premiums into the state fund. Section 1465-71, General Code.

Those involuntarily amenable are of two kinds:

(a) Those who comply with the act, or

(b) Those who do not.

Compliance may be had in one of two ways. Section 1465-69, General Code:

(a) By paying premiums into the state fund from which all claims for compensation are paid, or

(b) With the approval of the commission, by giving bond to compensate injured employees direct, either by agreement with them or as the commission may order.

An injured employee of an amenable, but noncomplying employer may sue him in a common-law action for damages. Section 1465-73, General Code. Or under Section 1465-74, General Code, he may file his application with the commission asking it to fix his compensation under the act, the same as an employee of a complying employer, which, if not paid as ordered, becomes a liquidated claim against such employer, and the Attorney General is required to bring an action for it for benefit of the employee. If it is not paid by the employer when the judgment is entered, it must be paid from the surplus compensation fund provided for in subsection 2 of Section 1465-54, General Code.

When the commission on rehearing denies a claim on jurisdictional grounds, the employee may appeal to the Common Pleas Court, as this plaintiff did. Section 1465-90, General Code.

An examination of all of that section indicates that the proceeding in the Common Pleas Court on such appeal is intended to be as much like a civil action as it can be, and the cause of action must be pleaded and proven as such.

On appeal, who is the proper party defendant—the commission or the employer? That section answers:

"If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission and summons shall be issued to the Industrial Commission and also to the Attorney General. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by Section 1465-69, General Code, or from an employer who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer."

In effect, this requires the plaintiff to elect from whence he will seek his compensation—the state fund or the employer, and this election determines who will be the defendant.

The plaintiff herein prayed to have his claim allowed from the compensation fund, hence, appropriately, he made the commission the defendant. Having done this, he must plead the facts that tie it to his claim. The allegation that his employer was "amenable" to the act, does not connect his claim to the state fund. Unless the employer has paid its premiums as provided in Section 1465-69, General Code, the fund could not be directly liable to plaintiff nor the commission a proper party defendant. Without an allegation to this effect, plaintiff's second amended petition was deficient, it did not state a cause of action against the commission, and the trial court did not err when it sustained the demurrer, and its judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.